## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Prechus Galloway,<br><br>      Plaintiff,<br><br>v.<br><br>Capital One Auto Finance, a division of Capital One, N.A.,<br><br><br>      Defendant. | Case No. 1:15-cv-03306-AT<br><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Prechus Galloway ("Prechus"), is a natural person who resided in Atlanta, Georgia, at all times relevant to this action.

2. Defendant, Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), is a business entity that maintained its principal place of business in McLean, Virginia, at all times relevant to this action.

## JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.  *See Al & Po Corp. v. American Healthcare Capital, Inc.*, 2015 U.S. Dist. LEXIS 19922, *8 (N.D. Ill. Feb. 19, 2015) (in TCPA case, situs of material events includes where calls were received); *accord Michaels v. Micamp Merchant Servs.*, 2014 U.S. Dist. LEXIS 7785, *3-4 (M.D. Fla. Jan. 22, 2014).

## STATEMENT OF FACTS

5.  Prior to June 2013, Prechus financed an automobile loan through COAF.

6.  In or around June 2013, Prechus lost her job.

7.  As a result, was unable remain current on her loan obligation to COAF.

8.  Shortly thereafter, COAF began calling Prechus on her cellular telephone on in connection with the COAF loan.

9.  Shortly after COAF began calling Prechus, Prechus explained to COAF that she was unemployed and unable to pay the debt allegedly owed to COAF.

10. In addition, Prechus communicated her desire that COAF cease calling her.

11. Notwithstanding these communications, COAF continued to call Prechus on her cellular telephone on an almost daily basis, often multiple times a day.

12. On multiple occasions, Prechus reiterated to COAF that she was unemployed and unable to pay the debt allegedly owed to COAF and renewed her desire that COAF cease calling her.

13. Nevertheless, COAF continued to call Prechus on her cellular telephone on an almost daily basis, sometimes multiple times a day.

## APPLICABLE LAW

14. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

15. The TCPA provides, in part:

> (b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\* \* \*

      (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. § 227(b)(1)(A)(iii).

16. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

17. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-

4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

18. A predictive dialer is an ATDS within the meaning of the TCPA.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

19. COAF placed calls to Prechus using a predictive dialer.

20. The pattern and frequency of COAF's calls to Prechus support the allegation that COAF used a predictive dialer to call Prechus.

21. Because COAF used a predictive dialer to call Prechus on her cellular telephone, COAF used an ATDS within the meaning of the TCPA.

22. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made.  *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

23. Prechus was the "called party" in each telephone COAF placed to Prechus's cellular telephone.

24. The TCPA allows a consumer to verbally revoke his or her consent to be called on his or her cellular telephone. *Osorio*, 746 F.3d, at 1255.

25. Moreover, a consumer may revoke his or her consent to be called in "any reasonable manner," without specifically using the words "stop calling me" or "cease calling me." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp. 29-30, ¶ 47; *see also Brown v. Credit Management, LP,* 2015 U.S. Dist. LEXIS 123353, *27 (N.D. Ga. May 18, 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'"), *adopted* 2015 U.S. Dist. LEXIS 123319 (N.D. Ga. Sep. 16, 2015).

26. Prechus sufficiently revoked her consent to be called by COAF or any entity calling on its behalf in connection with the COAF.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

27. Prechus re-alleges and incorporates by reference Paragraphs 7 through 26 above as if fully set forth herein.

28. COAF violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Prechus on her cellular telephone without Prechus's prior express consent or after such consent had been revoked.

## COUNT TWO

### Willful and Knowing Violation of the Telephone Consumer Protection Act

29. Prechus re-alleges and incorporates by reference Paragraphs 7 through 26 above as if fully set forth herein.

30. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

31. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act,

irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

32. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011); *Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013).

33. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

34. COAF voluntarily placed telephone calls to Prechus's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

35. COAF willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or

prerecorded voice to call Prechus on her cellular telephone without Prechus's

prior express consent or after such consent had been revoked.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

   a.  An order enjoining each Defendant from placing further telephone

       calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C.

       § 227(b)(3).

   b.  Judgment against Defendant for statutory damages pursuant to 47

       U.S.C. § 227(b)(3) for each and every call Defendant made in

       violation of the TCPA.

   c.  For such other legal and/or equitable relief as the Court deems

       appropriate.

## [SIGNATURE ON FOLLOWING PAGE]

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ Charles M. Clapp
One of Plaintiff's Attorneys

Date: October 5, 2015

*Of Counsel*
Charles M. Clapp, Esq.
Georgia Bar No. 101089
303 Perimeter Center North, Suite 300
Atlanta, GA 30346
Telephone: (404) 585-0040
Facsimile: (404) 393-8893
Email: charles@lawcmc.com